# D. L. SAVAGE v. WILLIAM HENDRICKS.[1]

December 29, 1911.

Nos. 17,357—(155).

**Mortgage — evidence.**

Action to have a certain deed given by plaintiff to B declared to have been

[1] Reported in 133 N. W. 1134.

made as security for a loan, and to have a deed from B to defendant declared to be void because taken with notice of plaintiff's title. The court held the deeds to be absolute and defendant the owner of the property in fee simple. A new trial was denied. *Held:* The evidence amply sustained the finding that the deed from plaintiff conveyed an absolute title. In that case the circumstances under which defendant bought the property are unimportant. [Reporter.]

Action in the district court for Hennepin county to determine a deed from plaintiff to be a mortgage, and that plaintiff was the owner in fee of the premises described. The answer alleged that by reason of laches plaintiff had lost all right to the premises; that defendant was in the actual possession thereof and that plaintiff claimed some lien adverse to defendant. The reply alleged that for more than twenty-five years immediately preceding the commencement of the action plaintiff had been in the actual possession of the premises; that he never at any time had abandoned them nor his equity therein; denied that by reason of laches he had forfeited title to the land and denied that defendant had ever been in actual or constructive possession thereof. The case was tried before Booth, J., who made findings and conclusion of law as stated in the opinion. From an order denying plaintiff's motion to vacate and set aside the order for judgment and for a new trial, he appealed. Affirmed.

*Wright & Matchan,* for appellant.

*Savage & Purdy,* for respondent.

PER CURIAM.

The plaintiff brought the present action, involving sixteen lots in an addition to the city of Minneapolis, to have a certain deed of said lots made by him to one Brown determined to have been made as security for a loan, which loan had been fully repaid, and to have a deed from said Brown to the defendant declared void, because taken by the defendant with notice of the plaintiff's title to the lots, and to have the plaintiff adjudged the owner of the lots, free from any right, title, or interest of the defendant. The defendant claims under the deeds from the plaintiff to Brown and from Brown to the defendant.

Upon the trial of the case the court found that the deed from the plaintiff to Brown was not made as security, but that thereby the plaintiff conveyed to Brown the lots involved, without any reservations or restrictions, oral or otherwise, and further, that the defendant procured the conveyance of the lots from Brown for a valuable consideration, without any knowledge or notice of any claims or interest of the plaintiff thereto or therein. As conclusions of law the court found that the defendant is the owner of the lots in fee simple, and plaintiff has no estate or interest therein. The case is brought here by the appeal of the plaintiff from an order denying his motion for a new trial.

The principal question raised by the numerous assignments of error is the

sufficiency of the evidence to sustain the finding of the trial court in reference to the conveyance from plaintiff to Brown. Upon examination of the record we are satisfied that the evidence amply sustains such finding.

The deed was made by the plaintiff to Brown some sixteen years prior to the commencement of the present action. About thirteen years after the making of the deed, and five years after the claimed payment of a debt to secure which the deed was claimed to have been given, the grantee in the deed, Brown, died. The plaintiff produced no documentary proofs supporting his claim that the instrument, in form a warranty deed, was in fact intended as a mortgage, although by his testimony writings tending to support such claim had once been in existence, and one writing of that character had been in his possession. The plaintiff was under the burden of establishing his case by clear and convincing evidence. His parol testimony, in the main unsupported by corroborating evidence, was, as to many details, improbable.

The trial judge having on sufficient evidence found that the deed from the plaintiff to the defendant conveyed an absolute title, the circumstances under which the defendant purchased the property became unimportant. We find no error in the complained-of rulings of the trial judge admitting or excluding evidence.

Order affirmed.